IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

|  |  |  |
|---|---|---|
| MOUNTASSER HACHEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-01219-MSN-LRV |
| | ) | |
| NADINE B. ABOUSHAKRA, a/k/a/ | ) | |
| NADINE BARAKAT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Modify This Court's February 7, 2025 Order (the "Motion to Modify" or "Motion") (Dkt. No. 101). On Feburary 7, 2025, the Court directed Plaintiff "to sit for a deposition in this Division before the close of discovery on March 14, 2025." (Dkt. No. 99 at 3 (citing E.D. Va. L. Civ. R. 30(A).)  Plaintiff's Motion to Modify "requests that the Court modify its February 7, 2025 Order to permit his deposition to be taken remotely."[1] (Dkt. No. 101 at 1.)  On February 28, 2025, the Court held a hearing on the Motion at which C. Dewayne Lonas, Esq., counsel for Plaintiff, and Defendant Nadine Barakat, who is proceeding *pro se*, appeared.  Following the hearing, the Court took the Motion under advisement and directed Plaintiff to submit certain supplemental documentation discussed during the hearing. (*See* Dkt. No. 110.)   Plaintiff submitted the requested documentation on March 5, 2025, in accordance with the Court's Order. (*See* Dkt. Nos. 112–24.)

---

[1] The proposed order attached to Plaintiff's Motion asks the Court to replace "Plaintiff is directed to sit for a deposition in this Division before the close of discovery on March 14, 2025" with "Plaintiff is required to sit for a deposition remotely before the close of discovery on March 14, 2025." (Dkt. No. 101-1.)

The Court interprets Plaintiff's Motion to Modify as a motion for reconsideration. Specifically, Plaintiff requests that the Court reconsider its February 7, 2025 Order directing Plaintiff to "sit for a deposition in this Division before the close of discovery on March 14, 2025." (Dkt. No. 101 (citing Dkt. No. 99).) Defendant opposes the Motion on the grounds that allowing Plaintiff to be deposed remotely will result in "significant prejudice" to her and "hinder the fair and proper administration of justice in this case." (Dkt. No. 104 at 1.)

For the reasons that follow, the Court will deny Plaintiff's Motion.

**I.    Procedural History**

To date, this litigation has required significant judicial intervention and the record amply sets forth the full procedural history. This Order assumes familiarity with the record and recites only such history necessary to put into context the instant Motion to Modify.

Plaintiff, a citizen of Lebanon, filed a Complaint in this Division on July 12, 2024, alleging claims of defamation, defamation per se, insulting words, and intentional infliction of emotional distress based on several social media posts allegedly made by Defendant Nadine Barakat in March and April 2024. (Dkt. No. 1.) Defendant filed an Answer and Counterclaim and Amended Counterclaim.[2] (Dkt. Nos. 12, 29.) Discovery closes on March 14, 2025. (Dkt. No. 30.)

In an Order dated November 4, 2024, the undersigned scheduled an initial pretrial conference to be conducted in person on December 4, 2024 and a settlement conference "to begin immediately after the conclusion of the initial pretrial conference."[3] (Dkt. No. 34 at 2.) Plaintiff

---

[2] The Counterclaim and Amended Counterclaim ultimately were dismissed. (Dkt. Nos. 25, 66.)

[3] The November 4, 2024 Order was entered after the District Judge ordered the parties to meet with the undersigned to seek possible resolution. (Dkt. No. 24.) On October 11, 2024, the parties contacted the undersigned's chambers for available settlement dates and received three open dates in October 2024 and three in November 2024. (*See* Dkt. No. 33-2.) Despite receiving the available dates, the parties did not schedule a settlement conference – in part because Plaintiff purportedly

did not participate in the December 4 settlement conference – in person or by video conference. Two counsel of record attended in person and a "legal consultant" from Lebanon participated by video conference.[4]  Defendant attended in person. (*See* December 4, 2024 Minute Entry.)  The case did not settle, and the undersigned informed the parties that the Court would set a date to continue the settlement conference and confirmed the continuation in writing. (*See* Dkt. No. 48 ¶ 16 ("The Court intends to enter an order setting a date for a continuation of the settlement conference."); December 4, 2024 Minute Entry ("As discussed with the conference participants, the Court will set a date for a continuation of the settlement conference.").)

On December 19, 2024, the Court scheduled a second settlement conference for January 13, 2025 and directed "Mr. Hachem, Ms. Barakat, and counsel of record for Mr. Hachem . . . to attend the settlement conference in person." (Dkt. No. 51 at 2.) On December 31, 2024, Plaintiff asked the Court to re-set the settlement conference for a later date.[5]  (Dkt. No. 58.)  The Court continued the settlement conference to February 3, 2025 in Alexandria Courtroom 501. (*See* Dkt. Nos. 67, 77.) The Court again directed the parties to attend in person. (Dkt. No. 77 at 2.)  At some

---

preferred not to engage in settlement discussions until after the Court ruled on Plaintiff's forthcoming motion to dismiss Defendant's Amended Counterclaim, Plaintiff received discovery responses from Defendant, and Plaintiff deposed Defendant. (*See* Dkt. No. 33 at 2.)

[4] The legal consultant, Mr. Elie Abou Assali, is not counsel of record for Plaintiff in this litigation. Although not a party to the litigation, several months before the Complaint was filed, Mr. Assali allegedly authored a series of emails to Defendant's former employer that, among other things, demanded that the employer "take action" against Defendant or risk Plaintiff's legal team engaging "paid media outlets" to try to place unflattering stories about the employer and its employees in the news. (*See* Dkt. Nos. 29-1, 29-2, 29-3).  The emails further stated that Plaintiff's legal team was traveling to the United States to meet with the FBI and CIA about Defendant's social media posts regarding Plaintiff. (*See* Dkt. Nos. 29-1, 29-4.)

[5] Plaintiff argued that the settlement conference date set by the Court was "premature" because he had not yet received "full and complete responses to his discovery requests," and also stated that a "long-planned business trip" would preclude his in-person attendance. (Dkt. No. 59 at 3.)

3

point, the parties also agreed to set Plaintiff's deposition for February 4, 2025 in this Division.[6]

Plaintiff did not appear at the February 3, 2025 settlement conference or for his deposition on February 4, 2025. Plaintiff's counsel of record and his legal consultant from Lebanon appeared at the settlement conference and informed the Court that they did not know Plaintiff's whereabouts. (*See* Dkt. No. 93.) The Court is now aware that Plaintiff resumed contact with his legal team on the evening of February 3, 2025. At that time, however, Plaintiff and his legal team provided no update or explanation to the Court regarding his failure to attend the settlement conference. Indeed, Plaintiff did not provide any update to the Court until February 6, 2025, in response to the Court's February 5, 2025 Show Cause Order directing Plaintiff "to show cause why he should not be held in contempt for failure to comply with the Court's Orders directing him to attend the February 3, 2025 settlement conference in person." (Dkt. No. 93.) Plaintiff was further ordered to provide "detailed information about his whereabouts during the settlement conference on February 3, 2025," information regarding his travel to and from the Washington D.C. area, and an explanation as to why he failed to appear at the settlement conference or contact his counsel of record or legal consultant regarding his whereabouts. (*Id.* at 2.) Additionally, Plaintiff's counsel of record were ordered to file "declaration[s] setting forth any knowledge they have (directly or indirectly) regarding Plaintiff's location on February 3, 2025, including when and how each counsel learned such information." (*Id.*)

On February 6, 2025, Plaintiff and his counsel of record filed their respective declarations in response to the Court's February 5, 2025 Show Cause Order. (*See* Dkt. Nos. 97-1, 97-2, 97-3,

---

[6] In a pleading filed on January 31, 2025, Plaintiff argued that Defendant's Motion to Request Deposition of Plaintiff should be denied as "moot because Mr. Hachem has made himself available for a deposition in-person on February 4, 2025, which he intended to do all along." (Dkt. No. 92 at 1.)

4

and 97-4.) Plaintiff's declaration states that after landing at Dulles International Airport on February 2, 2025, he was flagged for secondary screening by U.S. Customs and Border Protection ("CBP"), detained, and interrogated about his reasons for traveling to the United States. (Dkt. No. 97-1 ¶ 8.) After several hours in detention, "a CBP officer informed [Plaintiff] that [he] was inadmissible to the United States because [he] did not possess a valid non-immigrant visa."[7] (*Id.* ¶ 13.) Plaintiff "was then given the option of being removed from the United States, which would bar [him] from re-entry the United States for five (5) years," or withdrawing his application for admission and returning to Lebanon, where he could reapply for a non-immigrant visa. (*Id.* ¶ 14.) According to his declaration, Plaintiff chose to withdraw his application for admission and was placed on a return flight to Beirut via Paris on the evening of February 3, 2025. (*Id.* ¶ 16.) Plaintiff's counsel learned that Plaintiff was being detained by CBP at approximately 2:50 p.m. on February 3, 2025. (Dkt. No. 97-2 ¶ 9, Dkt. No. 97-3 ¶ 10, Dkt. No. 97-4 ¶ 8.) Seven hours later, counsel of record (Mr. Lonas, Ms. Davoli, and Mr. Goodman) learned that Plaintiff had been released and was on a flight from Dulles to Paris. (Dkt. No. 97-2 ¶ 11, Dkt. No. 97-3 ¶ 13, Dkt. No. 97-4 ¶ 9.)

On February 7, 2025, the Court granted Defendant's Motion to Request Deposition of Plaintiff (Dkt. No. 85) and "directed [Plaintiff] to sit for a deposition in this Division before the close of discovery on March 14, 2025." (Dkt. No. 99 at 3 (citing E.D. Va. L. Civ. R. 30(A).) Plaintiff now asks the Court to "modify its February 7, 2025 Order to permit his deposition to be taken remotely." (Dkt. No. 101 at 1.) In support of his reconsideration request, Plaintiff informed the Court *for the first time* that his "B-1/B-2 visa to enter the United States was cancelled on

---

[7] Plaintiff's U.S. non-immigrant B-1/B-2 visa was issued by the U.S. Consulate General in Dubai, United Arab Emirates on November 21, 2022 and was not due to expire until October 25, 2027. (Dkt. No. 97-1 ¶ 5.)

February 3, 2025." (*Id.* at 2.)  Neither Plaintiff nor his counsel specifically disclosed in their February 6, 2025 declarations that Plaintiff's visa was cancelled; only that Plaintiff had withdrawn his application for admission and could reapply.

The Court held a hearing on Plaintiff's Motion to Modify on February 28, 2025.  During the hearing, the Court asked about the basis for the assertion that Plaintiff's B-1/B-2 non-immigrant visa was cancelled.  In response to the Court's questioning, Plaintiff's counsel referenced a transcript of Plaintiff's interaction with CBP at Dulles and stated that CBP gave a copy of the transcript to Plaintiff before Plaintiff boarded a flight back to Paris on February 3, 2025. Plaintiff's counsel described the transcript as the only written notification Plaintiff received that his B-1/B-2 visa was cancelled.  The Court took Plaintiff's Motion under advisement and directed Plaintiff to submit supplemental documentation, including the transcript. (Dkt. No. 110.) On March 5, 2025, Plaintiff submitted a copy of the transcript, as well as a copy of an application for significant public benefit parole (which appears to be un-dated) and a copy of his most recent B-1/B-2 visa.[8] (*See* Dkt. Nos. 112-1, 112-2, and 112-3, filed under seal as Dkt. Nos. 115, 116, and 117.)

## II.    Analysis

It is well-established that "[t]he scope and conduct of discovery . . . are within the sound discretion of the district court." *Ga. Vocational Rehab. Agency Bus. Enter. Program v. United States*, No. 4:18-CV-148, 2022 WL 19075660, at *2 (E.D. Va. July 5, 2022) (quoting *Erdmann v. Preferred Research, Inc. of Ga.*, 852 F.2d 788, 792 (4th Cir. 1988); *see also Bryant v. City of*

---

[8] Plaintiff submitted the materials without an affidavit or declaration certifying their authenticity. Plaintiff also submitted four out-of-district cases "pertaining to individuals being denied entry into United States and remote depositions." (Dkt. No. 112 at 1; *see also* Dkt. No. 112-4.)  The Court finds the cases factually distinguishable from the circumstances present here.

*Norfolk*, No. 2:20-CV-26, 2021 WL 11728137, at *3 (E.D. Va. Jan. 13, 2021) ("As the Supreme Court has noted, 'Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.'") (quoting *Crawford-El v. Britton*, 523 U.S. 572, 598 (1998)). The court's discretion "extends to dictating the location of depositions." *Addax Energy SA v. M/V Yasa H. Mulla*, No. 2:17-CV-641, 2018 WL 10470917, at *4 (E.D. Va. Nov. 13, 2018) (citing *Armsey v. Medshares Mgmt. Servs., Inc.*, 184 F.R.D. 569, 571 (W.D. Va. 1998)).

As indicated above, the Court interprets Plaintiff's Motion to Modify as a request for reconsideration of the February 7, 2025 Order. Under Federal Rule of Civil Procedure 54(b), "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Although the Fourth Circuit has made clear that the standards governing reconsideration of final judgments are not determinative of a Rule 54(b) motion, *see Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003), courts in the Fourth Circuit have considered those factors in guiding the exercise of their discretion under Rule 54(b). *See Al Shimari v. CACI Intern., Inc.*, 933 F. Supp. 2d 793 (E.D. Va. 2013); *McAfee v. Boczar*, No. 3:11-cv-646, 2012 WL 2505263 (E.D. Va. June 28, 2012). Thus, motions for reconsideration under Rule 54(b) are generally limited to instances where:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred].

*McAfee*, 2012 WL 2505263, at *2 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). The power to grant relief under Rule 54(b) "is committed to the discretion of the district court." *Am. Canoe Ass'n*, 326 F.3d at 515 (*citing Moses H. Cone*

*Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)). Courts do not entertain motions to reconsider which ask the Court to "rethink what the Court had already thought through—rightly or wrongly." *McAfee*, 2012 WL 2505263, at *2 (quoting *Above the Belt, Inc.*, 99 F.R.D. at 101).

The Court issued the February 7, 2025 Order after reviewing all information submitted by Plaintiff and his counsel of record in response to the Show Cause Order requesting an explanation of Plaintiff's failure to appear at the February 3, 2025 settlement conference. Although available to Plaintiff at the time the declarations were filed on February 6, Plaintiff (and his counsel) declined to include certain information upon which he now seeks to rely. Specifically, Plaintiff first informed the Court on February 17, 2025 that his visa was cancelled on February 3 and offered no documentation in support of this assertion until the Court pressed for an explanation during the February 28 hearing. (*See* Dkt. No. 102.) Only then did counsel disclose that Plaintiff received the transcript before departing the United States. The Court then had to direct that the transcript be submitted. Plaintiff could have presented this evidence and disclosed the transcript (which provides a more fulsome picture regarding the events on February 2 and 3) prior to the February 7, 2025 Order, but elected not to do so. The Court will not reconsider its February 7, 2025 Order based on information that Plaintiff elected not to provide to the Court previously. *See McAfee*, 2012 WL 2505263, at *2 ("Regardless, because McAfee could have presented evidence of the prior subpoena in her brief in opposition to the motion to quash but failed to do so, the Court declines to reconsider its decision."); *see also Boykin Anchor Co. v. Wong*, No. 5:10-CV-591, 2012 WL 937182, at *2 (E.D.N.C. Mar. 20, 2012) ("[A] motion to reconsider is not proper where it only . . . presents a better or more compelling argument that the party could have presented in the original briefs on the matter." (internal quotations and citations omitted)).

To be sure, Plaintiff now also provides information that is "new" since the issuance of the

February 7, 2025 Order. First, on February 12, 2025, Plaintiff apparently reapplied for a B-1/B-2 non-immigrant visa. (*See* Dkt. No. 102 at 2; *see also* 102-1 at 1.) He received a visa interview date of May 4, 2026 and his request to expedite the interview was denied. (*See* Dkt. No. 102-2 at 3.) Second, an application and supporting documentation for a significant public benefit parole has been prepared on Plaintiff's behalf, although it is unclear whether or when the application was submitted.[9] (*See* Dkt. No. 112 ¶ 2; *see also* Dkt. No. 112-2, filed under seal as Dkt. No. 116.) In the Court's view, this information does not constitute "significant change[s] in the . . . facts since the submission of the issue to the Court" to justify reconsideration of the February 7, 2025 Order. *Above the Belt, Inc.*, 99 F.R.D. at 101.

An ongoing theme in this litigation has been Plaintiff's utter lack of personal involvement in his own case. He declined to participate in the first settlement conference at all, sought to postpone the second settlement conference, and appears unfamiliar with details of the case that was filed in his name.[10] (*See* Dkt. No. 112-1, filed under seal as Dkt. No. 115.) Early in the litigation, he began pressing to depose Defendant but appears to have given little effort or thought to the realities and logistics of his own deposition until recently. Now, as the discovery period draws to a close, Plaintiff seeks a waiver of the requirement in the Local Rules that he sit for

---

[9] Plaintiff filed an unredacted version of his public benefit parole application under seal. (*See* Dkt. No. 116.) The Court reviewed the unredacted application and is unable to determine when or whether the application was submitted to U.S. Citizenship and Immigration Services or even the date on which the application was prepared. The Court notes that Samuel McTyre, Esq., Plaintiff's immigration attorney, executed a Form G-28 on "2/3/25." (*See id.* at 44.)

[10] For example, according to the February 3, 2025 transcript, Plaintiff told CBP that the actions giving rise to the lawsuit happened "when I was in Miami about four months ago," while his own Complaint and the ensuing record make clear that his allegations are limited to certain posts allegedly made by Defendant in March and April 2024. (Dkt. No. 115 at 4; Dkt. No. 1 ¶¶ 16, 22, 23, 27, 30, 34, 59, 74, 90, 100.) Plaintiff also told CBP that he thinks Defendant lives in Pennsylvania, yet his Complaint avers that she is a citizen and resident of the Commonwealth of Virginia and speaks fluent Arabic. (Dkt. No. 115 at 4; Dkt. No. 1 ¶ 2.)

deposition in this Division.  *See* E.D. Va. L. Civ. R. 30(A).  For the reasons explained above, and in light of Plaintiff's pattern of behavior in this case, the Court declines to reconsider its February 7, 2025 Order.  Having found that Plaintiff fails to satisfy the standard for reconsideration, the Court need not address Defendant's arguments regarding prejudice and burden.

It is hereby

**ORDERED** that Plaintiff's Motion to Modify This Court's February 7, 2025 Order (Dkt. No. 101) is **DENIED**.

**ENTERED** this 12th day of March, 2025.

/s/

Lindsey Robinson Vaala
United States Magistrate Judge

Alexandria, Virginia